IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 JAN 29 AM10:44

|  |  |
|---|---|
| TIMOTHY TOROK, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No.: 1:23-cv-2598-LKG |
| WARDEN CRYSTAL CARTER, ) | Dated: January 25, 2024 |
| Respondent. ) | |

## MEMORANDUM OPINION

Timothy Torok, a federal inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking application of First Step Act ("FSA") credits to his sentence. ECF No. 1. The Respondent, the warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a motion to dismiss the petition, or in the alternative for summary judgment. ECF No. 4. Petitioner has opposed the motion. ECF No. 8. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant Respondent's motion to dismiss, or in the alternative for summary judgment.

I.  **BACKGROUND**

On December 19, 2019, Petitioner was sentenced to 92 months' incarceration and five years' supervised release by the United States District Court for the Northern District of Ohio, Case No. 1:19-cr-00338-BYP, for an offense related to the distribution of controlled dangerous substances. ECF No. 4-1 at 7. He was committed to the Bureau of Prisons ("BOP") on March 23,

2020. *Id.*

On September 22, 2023, the Court received Petitioner's § 2241 petition for filing. ECF No. 1. In it, Petitioner asserts that the BOP has declined to apply his earned FSA credits towards his sentence to reduce his period of incarceration. ECF No. 1 at 1. Petitioner references "his status as a high recidivist" and argues that BOP Program Statement 1040.04, *Non-Discrimination Towards Inmates*, states that "all programs and incentives should be applied equally among prisoners." *Id.* While Petitioner does not explain the interplay between "his status as a high recidivist" and his argument concerning FSA credits, his meaning can be inferred by a document he attached to his petition.[1] Petitioner is contesting the fact that his Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") recidivism risk level precludes application of his FSA credits under 28 C.F.R. § 523.44 and BOP policy. ECF No. 1-1 at 1–2. Finally, Petitioner further states that "18 U.S.C. § 3632(a)(4) time credits may suffer from ambiguity because the [BOP] is misinterpreting the statute . . . by not applying [Petitioner's] time credits." *Id.*

On November 24, 2023, Respondent moved to dismiss the petition or, alternatively, for summary judgment. ECF No. 4. Respondent argues, in part, that "[c]ourts in this district and many others have consistently dismissed" § 2241 petitions alleging "denial of the application of FSA [credits] based on [a] high or medium recidivism level," citing several cases in support of the argument. *Id.* at 14. Respondent's second argument concerns an issue not raised in the petition, which the Court declines to consider.[2]

---

[1] *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.").

[2] Petitioner had requested, through an internal prison process, an exception to the policy preventing medium or high PATTERN risk level inmates from receiving application of FSA credits. ECF No. 1-1 at 1–11; *see* Bureau of Prisons, Program Statement 5410.01 CN-2, *First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Jan. 23, 2024) (hereafter "Program Statement 5410.01 CN-2"). Respondent argues that Petitioner's exception request was

On December 18, 2023, the Court received Petitioner's reply in opposition to the motion. ECF No. 8. In it, Petitioner raised two new arguments not contained in his petition. The Court declines to consider these arguments because motion briefs cannot supplement the allegations of a petition. *Zachair, Ltd.,* 965 F. Supp. at 748.

## II.   ANALYSIS

The FSA allows inmates to earn early release credits for participation in certain programming. *See Torok v. Beard*, No. CV-PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, Civil Action No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). The BOP implemented the PATTERN to identify each inmate's needs and risk profile related to possible recidivism. An inmate may be eligible to participate in need-specific programming to earn credit toward early placement in pre-release custody. *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Jan. 23, 2024). But he cannot begin having such credit applied until he attains either a low or minimum risk level on the PATTERN. *See* Bureau of Prisons*, Program Statement 5410.01 CN-2, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Jan. 23, 2024) (hereafter "Program Statement 5410.01 CN-2").

Liberally construed, Petitioner is contending two closely related things. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A court liberally construes a pro se party's filing and holds it to

---

properly denied. ECF No. 4 at 16–18. However, Petitioner himself does not make any allegations concerning his exception request in his petition. He only addresses it in his reply to Respondent. For that reason, the Court declines to consider the argument. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd,* 141 F.3d 1162 (4th Cir. 1998).

a less stringent standard than an attorney's filing."). First, under Program Statement 1040.04, *Non-Discrimination Towards Inmates*, the BOP is using an impermissible consideration, Petitioner's PATTERN recidivism risk level, to deny Petitioner application of credits he has earned under the FSA. ECF No. 1 at 1. Second, the FSA does not require the differential treatment of prisoners based on their PATTERN risk levels when applying early release credits. *Id.*

Even accepting all well-pleaded allegations as true and viewing the petition in the light most favorable to Petitioner, Petitioner's claims are insufficient to survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 179 (4th Cir. 2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In support of his first claim, Petitioner alleges that BOP Program Statement 1040.04 "clearly states all programs *and incentives* should be applied equally among prisoners." ECF No. 1 at 1 (emphasis added). However, the language of Program Statement 1040.04 does not include discussion or mention of "incentives." *See* Bureau of Prisons, Program Statement 1040.04, *Non-Discrimination Towards Inmates*, Jan. 29, 1999, available at https://www.bop.gov/policy/progstat/1040_004.pdf (last visited Jan. 23, 2024). Additionally, Program Statement 1040.04 prohibits discrimination on the basis of race, religion, national origin, sex, disability, or political belief. *Id.* It makes no mention of PATTERN recidivism risk levels. Petitioner has not alleged any facts or made any claims regarding how, in light of the text of Program Statement 1040.04, it applies to the denial of an FSA credit-based sentence reduction by an inmate with a medium or high PATTERN level. Accepting that Petitioner is being denied application of his FSA credits due to his PATTERN level and accepting that Program Statement 1040.04 applies to him, Petitioner has not stated a claim upon which relief can be granted. Fed.

4

R. Civ. P. 12(b)(6).

Petitioner's second claim, that the text of the FSA does not impose the differential treatment of prisoners based on PATTERN risk levels when applying early release credits, presents a limited question of statutory interpretation concerning the FSA and Program Statement 5410.01. "To implement [a] statutory scheme, the BOP [promulgates] a regulation and issue[s] a program statement." *Cunningham v. Scibana*, 259 F.3d 303, 305 (4th Cir. 2001). A program statement "is an internal agency guideline that has not been subjected to the rigors of notice and comment rulemaking," nevertheless a program statement provides legal interpretations "entitled to respect . . . to the extent [ ] those interpretations have the 'power to persuade.'" *Id*. at 306 (quoting *Christensen v. Harris County,* 529 U.S. 576 (2000)). A program statement is part of "a body of experience and informed judgement to which courts and litigants may properly resort for guidance," and:

> [t]he weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Id*. at 306–07.

Petitioner's statutory interpretation claim is insufficient as a matter of law. Fed. R. Civ. P. 12(b)(6). Petitioner neither articulates a theory of statutory construction engaging the framework above, nor does he state facts relevant to it in presenting his claim. Accepting that Petitioner has participated in FSA programming, and even accepting, *arguendo*, the legal conclusion that the FSA does not require that prisoners with low and minimum PATTERN risk levels be treated differently from those with medium and high recidivism risk levels when it comes to the application of credits, Petitioner has not stated a claim upon which relief can be granted in light of

the unaddressed issue of the BOP's authority to promulgate regulations and issue program statements in relation to the FSA. Fed. R. Civ. P. 12(b)(6). "[W]hile the Court liberally construes [Petitioner's] claims, it will not fundamentally rewrite" the petition. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 73 (4th Cir. 2016) (quotations and citation removed).

## CONCLUSION

For the reasons set forth above, the Court will GRANT Respondent's motion to dismiss, or in the alternative for summary judgment, ECF No. 4. The petition will be DISMISSED. Petitioner's request for a court order, docketed as correspondence but construed as a motion, ECF No. 6, is DENIED as moot. A separate order follows.

**IT IS SO ORDERED.**

January 25, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge